**JI HANG QIU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–4709–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Yamileth G. Handuber, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ji Hang Qiu, a native and citizen of the People's Republic of China, seeks review of an August 27, 2008 order of the BIA denying his motion to reopen. *In re Ji Hang Qiu*, No. A072 765 836 (B.I.A. Aug. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Qiu's untimely and number-barred motion to reopen.

Qiu argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time and number limitations for filing his motion to reopen.[2] However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited

---

**2.** Qiu also asserts that the BIA applied an inappropriately high standard to his motion, requiring him to demonstrate his eligibility for relief instead of merely his *prima facie* eligibility for relief. However, the BIA denied Qiu's motion solely because he failed to demonstrate changed country conditions excusing the time and number limitations on his motion to reopen and did not address whether he could establish his eligibility for relief.

Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Qiu's assertion, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of his evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006). Although Qiu asserts that the BIA erred in not affording sufficient weight to his particularized evidence, we decline to find that the BIA abused its discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency).

Qiu also asserts that the BIA erred in failing to address whether the U.S. Department of State's 2006 Country Report on Human Rights Practices and a 1988–2007 fine schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, neither that report nor the fine schedule indicates that country conditions have materially changed or that such fines would amount to economic persecution to someone in Qiu's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).